UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AHMAD NASSAR,

     Plaintiff,

     v.

COLBY HANNA, et al.,

     Defendants.

No.  2:25-cv-03326-DJC-CKD P

ORDER

Plaintiff is a county jail inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's motion to proceed in forma pauperis will be granted.

**I.    Screening Requirement**

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

In Claim I, plaintiff alleges that on November 17, 2023, he was stopped by Elk Grove officers who used excessive force on him, "causing trauma to the head, and a concussion." ECF No. 1 at 5. Plaintiff names Officers Hanna, Taylor, and Crain as defendants regarding the excessive force. Plaintiff alleges he suffered "severe pain and emotional distress," and continues to suffer from headaches and emotional distress." Id. at 6. Plaintiff also alleges that "the seargent" (sic) took pictures of his injuries and that "they tortured me for 6 hours at the Elk Grove Jail." Id at 6.

In Claim II, plaintiff alleges a violation of his Fourteenth Amendment rights based on the same set of facts, asserting that defendant Wessel arrived at the scene and "allowed the officers to

continue on breaking the law and violating [his] rights." Id. at 8. He also alleges that defendant Abedrabbo, an internal affairs officer, found his complaint unfounded, a finding which was upheld by defendant Montgomery. Id.

Plaintiff demands compensatory damages, punitive damages, and the return of his property. Id. at 11

### III.    Option

Having conducted the required screening, the court finds that plaintiff can proceed on claims arising under the Fourth Amendment for excessive force against defendants Hanna, Taylor, and Crain. As to defendants Wessel, Abedrabbo, and Montgomery, the court finds that the allegations against them are not sufficient to proceed.  The court provides the following legal standards to assist plaintiff in deciding his course of action.

### IV.    Legal Standards

#### A. Linkage

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a

plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### V.      Leave to Amend

Plaintiff may proceed on the excessive force claims against defendants Hanna, Taylor, and Crain, or plaintiff may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purpose of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended complaint should be titled "First Amended Complaint" and reference the case number.

If plaintiff chooses to proceed on the claims stated, the court will construe the choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the necessary forms for service of the complaint on defendants Hanna, Taylor, and Crain.

### VI.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your allegations state excessive force claims against defendants Hanna, Taylor, and Crain. You may proceed on those claims or file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

### VII.    Conclusion

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is GRANTED.

2.  Plaintiff's complaint states excessive force claims against defendants Hanna, Taylor,

4

and Crain.; plaintiff may proceed on those claims or file an amended complaint.

3. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: April 7, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.nassar.3326.scrn.elect

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AHMAD NASSAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLBY HANNA, et al.,<br><br>　　　　Defendants | 2:25-cv-03326-DJC-CKD P<br><br><br>NOTICE OF ELECTION |

Check **one**:

_____    Plaintiff wants to proceed on the complaint as screened with excessive force claims against defendants Hanna, Taylor, and Crain. Plaintiff understands that by choosing to proceed on these claims, the court will construe this as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

_____    Plaintiff wants to amend the complaint.

DATED:_____            _____